UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| : | SG 3836 |
| : | |
| : | Docket No.: 13 Civ. _____ |
| SEA LEVEL, INC., : | |
| Plaintiff, : | COMPLAINT |
| -against- : | |
| COLONY INSURANCE COMPANY, : | Jury Trial Demanded |
| Defendant. : | |
| : | |
| : | |

-----------------------------------------------------------------x

Plaintiff Sea Level, Inc. ("Plaintiff"), by its attorneys Gauthier, Houghtaling & Williams, LLP state and allege the following upon information and belief:

THE PARTIES

1.      Plaintiff is a corporation, citizen of the United States, and domicile of the State of New York located within the Eastern District of New York.

2.      Defendant Colony Insurance Company (hereinafter "Colony") was and is a corporation duly organized and existing under and by virtue of the laws of the State of Virginia, doing business in New York, with an office located at P.O. Box 469012, San Antonio, TX 78246-9012.

JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 and 1441 because Plaintiff is a citizen of the State of New York, Defendant Colony is a citizen of

the state of Virginia, and the amount in controversy as to Plaintiff is in excess of $75,000 exclusive of interest and costs.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. Section 1391 because Plaintiff's claims arise in the Eastern District of New York, the insured property is located in the Eastern District of New York and Defendant Colony is subject to personal jurisdiction in the Eastern District of New York.

<u>NATURE OF THE ACTION</u>

5.      This is an action for damages arising out of the failure and refusal of Defendant Colony to honor its obligations under an individual property insurance policy Colony sold and issued to Plaintiff.  Plaintiff seeks judgment that Colony is liable to Plaintiff for damages caused by Superstorm Sandy to Plaintiff's insured property.

<u>FACTUAL BACKGROUND</u>

6.      Colony sold and issued an insurance policy to Plaintiff, Policy No. GL 3887200 (the "Policy"), covering losses to its building and personal property located at 70 West Park Ave., Long Beach, Nassau County, NY 11561. The Policy was in full force and effect on the date of the incident referred to herein and Plaintiff paid all premiums when due.

7.      On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation of property.

8.      As a result of the Storm, Plaintiff sustained substantial losses and wind damage to its insured property, all of which was covered by the Policy that Colony issued to Plaintiff.

9.      Plaintiff reported the damage and properly submitted a claim for wind damage to Colony.  Plaintiff duly performed all of the conditions of its Policy and fully complied with all provisions and investigations of its claim.

2

10.     Colony, its agents, servants and/or employees improperly adjusted and denied at least a portion of Plaintiff's claims without an adequate investigation, even though Plaintiff's losses were covered under its Policy.

11.     Colony, its agents, servants and/or employees unjustifiably refused to perform its obligations under the property insurance Policy and wrongfully denied payment in the full amount of Plaintiff's claims.

12.     Plaintiff hired independent experts and consultants to evaluate the damage it sustained to its property. Plaintiff's losses were thoroughly documented and submitted to Colony for review.  Despite its contractual duty under the Policy to fairly and properly adjust the claim, Colony failed and refused to sufficiently compensate Plaintiff for its covered losses.

13.     Because Colony and/or its agents failed to pay and/or underpaid Plaintiff on its claim, Plaintiff has either not been able to properly and/or completely repair the damages to its property, or repairs were delayed due to lack of funds.  This has caused additional damages to Plaintiff that were within the contemplation of the parties as a foreseeable consequence of Colony's failure or delay in performing its obligations under the Policy.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

14.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

15.     The Policy, at all times relevant and material to the case, constituted a contract between Plaintiff and Colony.

16.     Plaintiff fully performed under the contract by paying all premiums when due and by cooperating with Colony regarding the claim.  Plaintiff timely complied with all conditions

precedent to its recovery herein, including appropriate and adequate demand. Alternatively, Colony waived or excused such conditions precedent.

17.     Colony failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiff what it is owed for damages caused by the Storm to property covered under the Policy. Colony also breached the contract by failing to perform other obligations it owed Plaintiff under the Policy.

18.     By reason of Colony's breach, including its failure to reimburse Plaintiff for the covered losses, Colony is liable to and owes Plaintiff for the actual damages it suffered as a result of Colony's breach, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the Policy limits, together with interest and all other damages that Plaintiff may prove as allowed by law.

SECOND CLAIM FOR RELIEF
(FRAUDULENT MISREPRESENTATION AND INDUCEMENT)

19.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

20.     By issuing the Policy to Plaintiff, Colony owed a duty to Plaintiff to investigate and pay claims in good faith and according to the Policy terms and conditions.

21.     Upon information and belief, prior to issuing the Policy, Colony, its servants, agents and/or employees, fraudulently misrepresented coverage to Plaintiff and the public through brochures, advertisements, promotional publications, and its marketing and sales representatives in order to induce Plaintiff and others to purchase insurance. Colony, its servants, agents and/or employees, made misrepresentations about its fairness and willingness to

pay the full amount of claims under the Policy, when its actual intention and practice was to unreasonably deny payment for any or all of the proceeds due.

22.     Specifically, upon information and belief, Colony fraudulently induced and misled Plaintiff by promising to pay claims in good faith and according to the Policy terms and conditions when Colony had no intention to do so.  Instead, Colony's intention was and is to engage in conduct calculated to further its own economic interests at the expense of Plaintiff and its policyholders.

23.     Upon information and belief, Colony and its agents knowingly misrepresented property coverage and claims services to Plaintiff and the public in order to induce Plaintiff and others to purchase and pay premiums under the Policy.

24.     Plaintiff reasonably relied on the misrepresentations and false and misleading information from Colony to its detriment in deciding to purchase its Policy.

25.     As a result of the foregoing, Colony is liable to Plaintiff for compensatory and consequential damages and costs, and for punitive damages in an amount Plaintiff may prove at trial, all costs associated with recovering, repairing and/or replacing the covered property, including compensatory damages, in an amount to be established at trial but no less than the Policy limits together with interest and all other damages that Plaintiff may prove as allowed by law.  These damages are a foreseeable and direct consequence of Colony's wrongful and fraudulent practices and are necessary to deter this type of conduct for the benefit of the public at large.

THIRD CLAIM FOR RELIEF
(BREACH OF GOOD FAITH AND FAIR DEALING)

26.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

27.     Colony has a duty to deal fairly and in good faith with the Plaintiff.  There is an implied covenant of good faith and fair dealing in every insurance contract.  This covenant obligates each party to the contract to refrain from taking any action or litigation position that would deprive the other of the benefits of the contract or cause undue hardship or harm to the other party.  It also requires an insurer, *inter alia*, to investigate claims in good faith and to reasonably and promptly pay covered claims.

28.     Plaintiff timely complied with all conditions precedent to its recovery herein, including appropriate and adequate demand, or Colony waived or excused such conditions precedent.

29.     By wrongfully denying payment to Plaintiff, Colony breached the Policy, causing damage, including consequential damages.

30.     Colony breached or will breach its duty to deal fairly and in good faith to the extent that it has or will engage in conduct calculated to further its own economic interests at the expense of Plaintiff.

31.     Specifically, upon information and belief, Colony breached its duty to Plaintiff, dealt unfairly and violated the New York Unfair Claims Settlement Practices Act by conduct including, but not limited to:

       a.  misrepresenting to Plaintiff that Plaintiff's claim was not covered under the Policy even though the damage resulted from a covered cause of loss;

       b.  conducting an unreasonable investigation of Plaintiff's claim;

       c.  investigating Plaintiff's claim only to obtain facts supporting the claim denial that it had already decided to make; and

       d.  refusing to accept the facts and documentation supporting Plaintiff's claims prepared by Plaintiff and by experts on her behalf.

32.     Upon information and belief, Colony's conduct constitutes a pattern of unfair dealing and unfair settlement practices directed at Plaintiff and the public at large, including, but not limited to:

a.  ignoring pertinent provisions or binding judicial interpretations of the terms and provisions contained in the Policy, as well as the custom and practice of the insurance trade;

b.  making representations to the public at large in its insurance advertisements and brochures regarding the insurance coverage provided under standardized insurance policies which are in conflict with and contradict the insurance provisions and practices of Colony as demonstrated by the facts in this case;

c.  failing to acknowledge or act with reasonable promptness on legitimate requests and communications for coverage or provide pertinent communications as to claims;

d.  unreasonably, inadequately and improperly investigating claims and requests for insurance coverage;

e.  making use of the funds to attempt to limit coverage that should have been paid to policyholders in response to their claim for coverage;

f.  failing to adopt and/or follow reasonable standards for investigating and resolving by appeal issues arising under policies;

g.  failing and refusing to effectuate prompt and equitable settlements;

h.  failing to promptly advise of acceptance or denial of claims;

i.  compelling policyholders to institute suit for coverage by unreasonably refusing to settle and pay claims; and

j.  committing unfair and deceptive acts and practices in the handling of insurance claims, including Plaintiff's claim, and violating provisions of the New York Insurance Law, including without limitation, Section 2601 of such Act which governs Unfair Claim Settlement Practices of insurance companies.

33.     Colony had economic incentive to disregard its obligation to act in good faith and deal fairly with its policyholders, including Plaintiff, regarding large-dollar claims, including, but not limited to:

a.   the cumulative interest earned on policyholders' premiums and reserves during the periods of dispute;

b.   the discounts unfairly extracted from policyholders when policyholders are forced to settle for less than the claim is worth because of the time pressure the insurer exerts, when it knows the insured is often in a place of vulnerability;

c.   the cumulative value of the claims policyholders abandon when they accept Colony's erroneous disclaimers of coverage or lose the will or lack the ability to litigate to obtain the insurance coverage and proceeds to which they are legally entitled; and

d.   lower insurance premiums from and better relations with reinsurers.

34.   Colony has breached, or will breach, the duties of good faith and fair dealing owed to Plaintiff, and to the public at large, by other acts and omissions of which Plaintiff is presently unaware. Colony's duty of good faith and fair dealing continues during the pendency of this case.  Plaintiff reserves the right to seek leave of the Court to amend this Complaint at such time as it may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

35.   As a result of the foregoing, Colony is liable to Plaintiff for compensatory and consequential damages and costs, and for punitive damages, in an amount Plaintiff may prove at trial but no less than the Policy limits, all costs associated with recovering, repairing and/or replacing the damaged property, attorneys' fees and expenses, together with interest and all other damages Plaintiff may prove as allowed by law.  These damages were within the contemplation of the parties as a foreseeable consequence of Colony's failure to perform its obligations under the contract and its breach of the implied covenant of good faith and fair dealing and are necessary to put Plaintiff in the same position it would have been had the contract been performed.

## FOURTH CLAIM FOR RELIEF
### (VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §§ 349 & 350)

36.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

37.     New York General Business Law §§ 349 and 350 prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the State of New York.

38.     Colony is engaging in deceptive acts or practices in conducting the business of insurance and the furnishing of insurance services in New York as described in the facts and allegations set forth in the paragraphs above.

39.     As a result of the foregoing, including Colony's conduct and violations of New York General Business Law §§ 349 and 350, Colony is liable to Plaintiff for compensatory and consequential damages and costs, for treble damages in an amount Plaintiff may prove at trial but no less than the Policy limits, and for attorneys' fees and expenses, together with interest and all other damages Plaintiff may prove as allowed by law.

### PRAYER

WHEREFORE, Plaintiff requests judgment against Defendant Colony Insurance Company as follows: for its First Claim for Relief, compensatory damages in an amount to be established at trial but no less than the Policy limits; for its Second Claim for Relief, compensatory, consequential and punitive damages in an amount to be established at trial but no less than the Policy limits; for its Third Claim for Relief, compensatory, consequential and punitive damages in an amount to be established at trial but no less than the Policy limits; for its Fourth Claim for relief, compensatory, consequential, and treble damages in an amount to be established at trial, but no less than the Policy limits; for all Claims for Relief, Plaintiff requests

9

reasonable attorneys' fees, disbursements, costs, expenses, pre-judgment and post-judgment

interest as provided by law and all other relief the Court may deem just and proper.

Respectfully submitted,

Gauthier, Houghtaling & Williams, LLP

By:
     Sean Greenwood
     SG 3836
     Attorney for Plaintiff
     52 Duane Street Floor 7
     New York, NY 10007
     Telephone: (646) 461-9197
     Facsimile: (212)732-6323

TO:    Colony Insurance Company
       P.O. Box 469012
       San Antonio, TX 78246-9012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

:                     SG 3836

:

SEA LEVEL, INC.,                                :                     13 Civ. _____

                Plaintiff,          :                     RULE 7.1(a) STATEMENT

      -against-                          :

COLONY INSURANCE COMPANY,           :

              Defendant.        :

:

:

-----------------------------------------------------------------x

      PURSUANT to Rule 7.1(a) (Formerly Local Civil Rule 1.9) of the Federal Rules Civil

Procedure, in order to enable judges and magistrate judges of the Court to evaluate possible

disqualification or recusal, the undersigned counsel for Plaintiff, a non-governmental party,

certifies that the following are corporate parents, affiliates and/or subsidiaries of said party which

are publicly held: NONE.

Dated:  New York, New York
        October 2_, 2013

                             Respectfully submitted,
                             Gauthier, Houghtaling & Williams, LLP

                             By: _____
                                Sean Greenwood
                                SG 3836
                                Attorney for Plaintiff
                                52 Duane Street Floor 7
                                New York, NY 10007
                                Telephone: (646) 461-9197
                                Facsimile: (212)732-6323

TO:   Colony Insurance Company
      P.O. Box 469012
      San Antonio, TX 78246-9012